RAMIRO RIVERA GONZÁLEZ, Plaintiff and Appellee, v. JOSÉ VAHAMONDE, Defendant and Appellant.

No. 8149.   Argued November 13, 1940.—Decided December 20, 1940.

*Harry F. Besosa* for appellant.   *A. Quirós Méndez* and *Fernando B. Fornaris* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages suffered in an automobile accident, in which plaintiff sought to recover five thousand

dollars, together with costs and attorney's fees, and was awarded one thousand five hundred dollars and costs but without including attorney's fees.

Feeling aggrieved by that judgment, the defendant appealed. He has assigned four errors as committed by the court in denying his motion for a bill of particulars, in acting without jurisdiction, in giving credit to untrustworthy witnesses, and in weighing the evidence.

Let us examine the first assignment. For this purpose, and also for the purpose of considering the second, it is necessary to study the complaint. It was alleged therein that the plaintiff was of legal age, married, a merchant and resident of Río Grande, P. R.; that the defendant, on May 10, 1938, was the owner of a motor truck, license-plate H–1013, used in the business of transportation of goods over the public highways of the Island; that the plaintiff has heretofore been a robust, healthy man, engaged in commerce from which he derived substantial profits; that on the aforesaid day the said truck, negligently operated by Juan Maldonado, a chauffeur employed by the defendant and who acted within the scope of his employment, was traveling along the public road, which leads from El Yunque to Río Grande, and inflicted on the plaintiff certain bruises which he specified and by reason of which he was compelled to be confined in a hospital and to abandon his habitual occupation; that the accident was due exclusively to the negligence of the driver, which consisted in his failure to take into account the width of the road and the traffic thereon, in going at an excessive speed, in keeping defective brakes, and in failing to take the proper precautions to safeguard other persons traveling.

It was further alleged:

"That in consequence and as a result of the said accident the plaintiff has suffered damages which he estimates in the sum of Five Thousand Dollars ($5,000), said damages consisting in the physical and mental suffering of plaintiff, the injuries received by him, the

expenses which he has incurred by reason of the time during which he has been unable to work and to look after his business.

"That neither the defendant nor any person on his behalf has paid any compensation to the plaintiff for the damages caused."

After the defendant had been summoned, he presented to the court a motion entitled "Bill of Particulars," which contained the following:

"The defendant demands that the damages alleged to have been suffered by the plaintiff, amounting to Five Thousand Dollars ($5,000), be specified in detail, in order that the defendant may prepare and present his defense, in accordance with the right granted to him by law.

"The plaintiff through his counsel is warned that if he fail to furnish the defendant with the requested particulars within the period of thirty days, he will be precluded from giving evidence thereof, all which is in accordance with section 124 of our Code of Civil Procedure."

The plaintiff did not voluntarily furnish the particulars as requested, and the court after a hearing denied the motion.

After an examination of the complaint, we do not think that it can be maintained that an abuse of discretion has been committed by the court in acting as it did, which would be the only case in which a reversal of the judgment would be justified on that ground in a suit of this character.

The appellant in his motion specifically invoked section 124 of the Code of Civil Procedure, which provides:

"Section 124. It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular."

As may be seen, the section expressly refers to the case wherein the existence of an account is alleged, and although it is true that the principle has been extended to other ac-

tions, as for example tort actions, it has been considered that its application rests on the sound discretion of the court.

Said section is identical with section 454 of the California Code of Civil Procedure, whose purpose is set forth in 1 Cal. Jur. 159, thus:

"The object of section 454 of the Code of Civil Procedure, requiring a party to deliver to his adversary within five days after the demand a copy of an account sued upon, or be precluded from giving evidence thereof, is to protect the adverse party from embarrassment upon the trial, by enabling him to demand and obtain in advance a detailed statement of the items charged against him."

Referring to the subject in general, Ruling Case Law says:

"A bill of particulars is considered in some respects as an amplification of the declaration; and its object is to inform the defendant of the claim he is called on to defend against. To effect its object it must be as certain, and convey as much information, as a special declaration; and the same is true as to notice of special matters of defense. However, the cause of action or ground of defense must be stated in the pleadings and not in a bill of particulars; and it is not proper that matters of evidence be stated in such a paper. Once properly made, a statement of facts filed in support of a declaration is to be considered as a part of the declaration; and hence it is proper practice to test by demurrer the sufficiency of the cause of action alleged in such statement and declaration. In actions on money demands consisting of various items, a bill of particulars of the dates and description of the transactions out of which the indebtedness is claimed to have arisen is granted almost as a matter of course. But it is an error to suppose that bills of particulars are confined to actions involving an account, or to actions for the recovery of money demands arising on contract. They may be properly ordered in all kinds of actions where the circumstances are such that justice demands a greater particularity than is required under the ordinary rules of pleading. Usually the granting, or refusing thereof, is discretionary in the trial court, and, pursuant to the usual rule in matters of a discretionary nature, the ruling of the trial court in that regard will not be reviewed on appeal, unless there has been a palpable abuse of such discretion. Bills of particulars will not be ordered, however, where the case is stated in the declaration with sufficient fulness to apprise the defendant of its

character; or where the demand is single and simple in its character." 21 R.C.L. 480.

In a case which involved an action on an open account, and hence the strict application of the statute, this court speaking through Mr. Justice Hutchison said:

"Appellee also insists that the district court exercised its discretion in passing upon the motion and that the result should not be disturbed on appeal. It may be seriously questioned whether the district court has any discretion as to matters clearly within the statute. 1 Bancroft's Code Pleading, 703, sec. 488. In any event, 'where statutes providing for bills of particulars are construed to vest the courts with liberal powers in ordering them, such bills should be liberally allowed, unless they are clearly useless, and are sought merely for the purpose of annoyance.' 49 C. J. 626, par. 887. There is also authority for the statement that 'the ruling may be reviewed where it is plainly erroneous; and the discretion of the trial court as to the sufficiency of the bill of particulars which is filed in pursuance of the motion is a judicial discretion which may be reviewed.' 4 C. J. 801, par. 2759. The case of *Molina* v. *Rodríguez*, 40 P.R.R. 661, relied on by appellee is not in point." *Berio* v. *Rivera*, 42 P.R.R. 444, 446.

Lastly, if any doubt existed as to any prejudice suffered by the defendant by reason of a failure to provide him with the means to defend himself, in view of the terms in which the complaint was drawn, such doubt was dispelled by the action of the court in finally denying the claim for damages for expenses and losses and confining itself to an award of compensation for the injuries received and the physical and mental suffering alleged and proved.

■■ Nor does the second of the errors assigned exist. Therein it is maintained that, as the complaint failed to allege the district where the accident occurred, the District Court of San Juan, in which the action was brought, lacked authority to take cognizance of the case. The question was raised in the district court by means of a paper writing entitled "Demurrer," which set forth two grounds: first, "that the complaint does not state facts sufficient to constitute a cause

of action," and, second, that "the court lacks jurisdiction of the person of the defendant and of the subject matter of the action," and said demurrer was overruled by the court, the defendant then filing his answer.

Although the complaint could and—in accordance with the best practice—should have been more specific, the fact is that it contains sufficient data to establish the jurisdiction and competence of the court to act. The District Court of San Juan, like the other district courts of the Island, is a court of general jurisdiction, and has power to take cognizance of an action such as the one brought in this case. The accident is alleged to have occurred in the road leading from El Yunque to Río Grande, which town is located within the judicial district of San Juan, Puerto Rico. And the defendant, by entering a general appearance as he did, submitted to the jurisdiction of the court.

The third and fourth errors are assigned thus:

"3. It (the court) manifestly erred in giving probative value to the statements of witnesses who premeditatedly, maliciously, and impudently testified falsely and in weighing and considering the evidence, and it also acted with partiality and prejudice against the defendant, by failing to give any credit to the testimony of the latter's witnesses, by adjudging him to pay the costs when the judgment rendered was for a lesser amount than the one claimed, and by arbitrarily fixing the damages at $1,500.

"4. It erred in rendering judgment contrary to the evidence introduced."

We have adverted to the theory of the plaintiff as the same was set forth in the complaint. The defendant answered and admitted the ownership of the truck and the business in which he used the latter, and alleged that said truck, while being operated by his chauffeur Maldonado, travelled unloaded along the highway which leads from Río Grande to Luquillo, and as it turned to the right into the public road leading to El Yunque, moving at a moderate speed and sounding the horn, the plaintiff crossed negligently carrying a box on his shoulder which prevented him from seeing, and upon

hearing the horn he stopped and suddenly threw himself against a mudguard, falling to the ground and sustaining some slight bruises on his left leg and on an elbow, the occurrence being due exclusively to the negligence of the plaintiff.

The case went to trial and a lengthy and conflicting evidence was introduced which was weighed by the trial judge, thus:

"We have carefully considered the evidence for both sides. In accordance with the same, we hold as proven that on the day and at the hour and place referred to in the pleadings, the defendant owned a truck used in the transportation of cane, although at the moment it was unloaded, and the same was operated by Juan Maldonado Vega, a chauffeur employed by him and who was acting within the scope of his employment; that the plaintiff Ramiro Rivera González was crossing at a normal walk from the shop of Felipe Maldonado to that of the Suárez Hermanos, where he worked, said establishments being located precisely in opposite corners to the right and left, respectively, at the entrance of the Yunque highway, the plaintiff carrying on his right shoulder a cardboard box which contained some sweets and which he held with his right hand; that when the plaintiff was already on the left hand side of the highway outside the paved portion thereof and at a distance of about three feet of the wall of the establishment, the defendant's truck, which was operated by the chauffeur, turned the corner or curve quite fast, taking the turn very openly towards the left-hand side of the road instead of towards the right and striking the plaintiff with the front left mudguard, dragging him for about four yards, the vehicle finally stopping at a distance of about twenty feet from the place of the accident.

"The evidence is conflicting as to whether the chauffeur on taking the turn sounded the horn or signal apparatus giving warning of his approach. We hold that he gave no warning on rounding the curve and even conceding that he gave such warning upon overtaking the plaintiff, from his own testimony it appears that such warning was quite belated and ineffective, for he states that he gave it at a distance of about two feet, when he was already near the plaintiff; which far from producing the desired result as required by law, actually frightened and confused the plaintiff.

"In the answer it is alleged that the plaintiff was carrying the box on the left shoulder and that the same hid his face and prevented him from seeing; but we hold that the evidence has established that the box containing the sweets was carried by the plaintiff on his right shoulder without his having any obstruction to the view on the left-hand side, and that as the accident occurred it was due, not to any negligence on the part of the plaintiff, but to the negligence of the chauffeur who took the turn very openly on the left, sounding the horn when the warning was already ineffective and principally to the fact that the brakes with which the vehicle was equipped were not in good operating condition.

"It is true that Eugenio Méndez testified that Blas Rivera Méndez and the insular policeman, Fidel Rodríguez, got on the truck and started it in order to make a test, and that Pablo Suárez testified that it was Juan Maldonado himself, the driver of the truck, who, together with the policeman, tested it in order to determine whether or not the brakes were working. But whoever may have been the one who drove the truck in order to ascertain the true condition of the brakes, the fact is that the policeman Rodríguez, called as a witness by the defendant, also testified that the test of the brakes was made by Juan Escobar who was a licensed chauffeur and that the truck could not be stopped immediately upon applying the brakes as it should have stopped if the latter had been in good condition, and that he then asked the chauffeur Juan Maldonado why he was operating the vehicle when the brakes were loose and that the latter answered that he had taken the truck in good condition, but that it was due to the fact that he had to cross the river and the brakes had become loose. The policeman Rodríguez, who is a person having no interest in the case, has been accorded full credit by the court. Whether the brakes were loose or had become so by reason of a wetting, the fact is that they were not in good operating condition and when the chauffeur applied them they failed to work.

"See the holdings made in the cases of *People* v. *Blandford,* 23 P.R.R. 580, 582; *Ramos* v. *Heirs of Nadal,* 29 P.R.R. 546; *Portalatín* v. *Noriega,* 33 P.R.R. 755; and *Cortijo* v. *Domínguez,* 36 P. R.R. 844.

"The evidence shows that after the plaintiff had been stricken by the vehicle, he was taken in a shocked condition to the Pereira Leal Clinic in Río Piedras, where he was attended by Dr. Miguel Alonso, and he exhibited various bruises and lesions on the body, to

wit, in the pretibial region of the middle third of the left leg, in the lower part of the abdomen, in the thighs, in the anterior thorax and a fracture of the left arm. X-ray photographs were taken. He was confined twenty-six-days in the clinic. Afterwards he went there weekly for a period of from two and one-half tó three months while he had his arm in a plaster cast. The general character of the lesion and fractures were necessarily painful. The medical expert testified that the physical condition of the patient in so far as the functioning of his left arm was concerned was not normal, and that he sustained a partial permanent incapacity which disabled him for work, as he could not fully stretch his arm there being a certain degree of stiffness.

''The plaintiff in the complaint claims, besides damages for the injuries and for the physical and mental suffering produced by the same, the expenses incurred and the losses sustained during the time that he has been unable to work and attend his business. It seems that the plaintiff considers that, as the averment of the complaint to the effect that neither the defendant nor any other person had paid any compensation for the damages caused, has been amended, an admission was made that the same amounted to five thousand dollars ($5,000); but this is not so, because it was in the sixth paragraph where the damages and the amount thereof were alleged and said paragraph has been denied. On this question of the damages there was introduced oral evidence tending to show that the plaintiff was employed in the establishment Flores Hermanos, where he earned a salary of $40 monthly, plus 25 per cent of the net profits which amounted to $300 monthly, that is, $75 (sic). The owners of the Suárez Hermanos establishment are Juan Suárez and Víctor Rodríguez. . . . Upon being subpoenaed . . . to produce the account books of their business and the account of Ramiro Rivera, and upon the latter being requested to produce the notebook on which he stated to have entered the amounts received, said Juan Suárez only brought with him a notebook which merely contained some names and figures in a disorderly way, without it showing any debit or credit items or the volume of the business, and Ramiro Rivera stated that he had not brought his notebook because he did not have it as it had disappeared. The evidence is clearly too general or insufficient to determine in a positive and concrete way what were the expenses incurred by the plaintiff by reason of the accident and the losses sustained during the time that he was unable to work and attend his employment or business. See *Garcia* v. *Fernández*, 52 P.R.R. 176.

"Compensation ($1,500) must be granted for the injuries received and for the physical and mental suffering resulting therefrom and denied as to the other damages claimed.

". . . attorney's fees must not be allowed . . . The costs are imposed by operation of law."

After an examination of the entire case, it seems to us that the appellant went too far in the formulation of his third assignment of error. He has failed to show the correctness of his assertions. Perhaps he may be right; but we do not find in the record any basis for changing the conclusion of the trial court in weighing the evidence and in fixing the compensation. The errors are nonexistent.

The judgment appealed from must be affirmed.